[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Bringing forth four assignments of error, defendant-appellant Gregory Cain appeals from the judgment of the Hamilton County Court of Common Pleas adjudicating him a sexual predator. Finding none of the assignments to have merit, we affirm the judgment of the trial court.
In 1983, the trial court imposed an indefinite sentence of six to twenty-five years following Cain's guilty plea to one count of rape. On March 19, 2001, the Department of Corrections returned Cain to the trial court for a sexual-predator hearing pursuant to R.C. Chapter 2950. The transcript of that hearing reveals that in June 1983 Cain lured an eight-year-old child into his apartment. Once she was inside, Cain forced her onto a bed, removed her clothing and raped her. The crime was discovered when an acquaintance knocked on the apartment door, allowing the victim to escape. At the conclusion of the hearing, the trial court found Cain to be a sexual predator, the classification that Cain now contests.
In his first, second and third assignments of error, Cain urges that the lower court erred by adjudicating him a sexual predator because R.C.2950.09 violates the Ex Post Facto Clause of the United States Constitution, the prohibition against retroactive laws in Section 28, Article II of the Ohio Constitution, and the Double Jeopardy Clauses of the United States and the Ohio Constitutions, and because R.C. 2950.09 is unconstitutionally vague. Each of these assignments of error is overruled on the authority of State v. Cook[1] and State v. Williams.[2]
In his fourth assignment of error, Cain maintains that his adjudication as a sexual predator is against the manifest weight of the evidence. We disagree.
A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Cain satisfied the first prong of the sexual-predator definition, as his rape conviction involved a sexually-oriented offense under R.C. 2907.02. Thus, the issue at the sexual-offender-classification hearing was whether Cain was likely to commit future sexually-oriented offenses.
At a classification hearing, the state must prove by clear and convincing evidence that the offender is likely to engage in the future in one or more sexually-oriented offenses.[3] A proper sexual-offender-classification hearing requires the trial court to (1) provide a record for appellate review that bears upon whether the offender is likely to recidivate; (2) consider the R.C. 2950.09(B)(2) factors and discuss how the evidence relates to those factors; and (3) permit the admission of expert testimony, where required, to assist the court in making its adjudication.[4]
Here, the trial court created the type of record contemplated for appellate review.[5] The state offered into evidence and the court considered the grand-jury testimony, Cain's prior criminal record, a competency evaluation conducted in 1983, and the statements of the prosecutor and defense counsel. Cain did not argue or submit any evidence that he had made any efforts at rehabilitation. We note that neither Cain nor the state sought to obtain a current psychiatric or psychological examination.[6]
The trial court also properly identified from the record and weighed the specific factors in R.C. 2950.09(B)(2) that supported its determination. The court found that Cain was a sexual predator because he was convicted of rape while on probation from municipal court, because his victim was an eight-year-old girl whereas Cain was twenty-six years old at the time of the offense, and because Cain had made no efforts at rehabilitation while incarcerated. The lower court also considered that Cain claimed to have been under the influence of alcohol at the time of the offense, but reasoned that this did not excuse the rape. Finally, the trial court stated that the tender age of the victim was probative because it served as an indicator of the depths of Cain's inability to refrain from sexual misconduct.[7]
From our review of the record, we conclude that the evidence presented at the classification hearing weighed clearly and convincingly in favor of a finding that there was a likelihood that Cain would reoffend. Accordingly, the trial court was entitled to find that Cain is a sexual predator. The fourth assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
[2] (2000), 88 Ohio St.3d 513, 728 N.E.2d 342.
[3] See R.C. 2950.09(B)(3).
[4] State v. Eppinger (2201), 91 Ohio St.3d 158, 166-167, 743 N.E.2d 881,888.
[5] See Eppinger, supra.
[6] See, e.g., State v. Glover (Feb. 16, 2001), Hamilton App. No. C-000396, unreported.
[7] State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported.